### STATE OF NEW JERSEY, PLAINTIFF, v. HARRY MORLEY, DEFENDANT.

**Searches and Seizures—Warrants—Liquor Laws—Warrants Must Contain Direction That it be Served in Daytime, Unless the Affidavits are Positive—Officer Must Give Copy of Warrant, Together With Receipt for Property Taken, Specifying it in Detail—Stealthy Encroachments Upon a General Depreciation of Rights by Well-Intended but Mistakenly Over-Zealous Executive Officers Must be Prevented.**

On motion to quash search warrants.

For the defendant, *William A. Wachenfeld.*

MILTON M. UNGER, S. C. C.  Upon the complaint of Joseph Trivigino, supported by his affidavits, before a Supreme Court commissioner, made in pursuance of an act entitled "An act concerning intoxicating liquor, used or to be used for beverage purposes" (*Pamph. L.* 1922, *ch.* 255), the Supreme Court commissioner (who, by the act, is constituted a committing magistrate for that purpose) issued a search warrant authorizing and commanding the officers named therein, to search the premises known as The Floral House, consisting of a main house, hotel and outbuildings, conducted by the defendant at Bloomfield avenue near Lane avenue, in the borough of West Caldwell, Essex county, New Jersey, for any liquor kept or stored therein, and to bring it before the Supreme Court commissioner, to be dealt with according to law.

The warrant was issued on August 12th, 1927, and was executed on August 13th, 1927, and liquor was seized upon the premises.  Upon the return of the warrant, which was made by the officer who executed it, counsel moved to quash the warrant upon several grounds.

Under section 9 of the act, the Supreme Court commissioner, as a "magistrate" is charged with the performance of any judicial act prior to the indictment of a violator of the act.  *State* v. *Lowenthal,* 2 *N. J. Mis. R.* 18.

Section 10 of the act reads:

"On and after the date when this act goes into effect, no person shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess, any intoxicating liquor * * * *."

Section 15 of the act provides as follows:

"It shall be unlawful to keep, occupy or maintain any room, house, building, vehicle or place whatsoever, where liquor is manufactured, sold, kept, stored, transported, bartered, or otherwise disposed of in violation of this act; and any such liquor found in, or on, or about any such room, house, building, vehicle or place, and all fixtures, equipment or paraphernalia had or used in connection with maintaining or conducting any such room, house, building, vehicle or place, shall be subject to seizure, forfeiture, confiscation and disposal as in this act provided. A search warrant may issue, as hereinafter provided, to search any of the premises or property herein mentioned."

The first ground set up by the defendant in support of the motion to quash is that the warrant contains no direction to the officer executing it, that it be served in the daytime. Section 22 of the act is in the following language:

"When a search warrant is allowed, the magistrate must insert a direction therein that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case the magistrate may insert a direction that it be served at any time of the day or night."

Section 10 of the Federal Espionage act (40 *Stat.* 228), provides as follows:

"The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night."

These two provisions are practically identical. In *United States* v. *Kaplan*, 286 *Fed. Rep.* 963, the latter of the two statutory enactments was construed. The court said:

"I concur in the opinion, that a search and seizure in the night-time, where the warrant does not, in terms, contain a

direction that it may be served at any time of the day or night, are illegal, and when there is no positive evidence that the property is on the person or in the place to be searched, issuance of a warrant to search at night is illegal."

The warrant in the instant case was executed at about eleven P. M., on the night of August 13th, 1927. Not only did it fail to contain a direction that it be served at any time of the day or night, but it also lacked the direction that it be served in the daytime. Concerning such a direction, the statute says that it "must" be inserted.

In *United States* v. *Borkowski,* 268 *Fed. Rep.* 408, the court said:

"The rule is that there must be compliance with whatever formalities are required by statute. 19 *Encycl. Pl. & Pr.* 327; 25 *Am. & Eng. Encycl. L.* 147. On this point it is said in *Arch. Cr. Pr. & Pl.* (*8th ed.*) 131: 'The proceedings upon search warrants should be strictly legal, for there is not a description of process known to the law, the execution of which is more distressing to the citizen. Perhaps there is none which excites such intense feeling in consequence of its humiliating and degrading effects.' "

There must be some direction as to the time when the warrant may be served, and though the affidavits be positive that the property is on the person or in the place to be searched, nevertheless, there must be a direction that a warrant be served "at any time of the day or night." As was stated in *United States* v. *Kaplan, supra:*

"The warrant should be full and complete in itself. Both as to essentials and as to direction; the first because essential and the second in order that the officer serving the paper shall not have the excuse of ignorance as to his duty, and that the accused may promptly know what is the accusation against him, upon what it is based, and what the officers should do."

The result of these decisions must be that the defendant should prevail upon his present motion to quash.

It is also contended that the proceedings had upon the execution of the warrant were defective in that the officer executing the same failed to give a copy of the warrant, together with a receipt for the property taken, specifying it in

detail, to the person from whom it was taken by him, or in whose possession it was found; or, in the absence of any person, failed to leave the same where he found the property. It is alleged that this omission constitutes a violation of section 24 of the act. Section 24 of the act is in very much the same language as section 12 of the Espionage act, *supra*.

Construing that section, the court said, in *United States* v. *Kaplan, supra:*

"I am of the opinion that a failure on the part of the officer to whom the warrant is delivered for execution, to comply with the requirements of sections 12 and 13, would not invalidate the warrant. These acts are merely ministerial, and if the officer fails in them, he may be liable in damages, but such failure does not invalidate the warrant, or the search and seizure. *Rose* v. *United States,* 274 *Fed. Rep.* 245 (8), 250, 251. *C. C. A., 6th Circuit.*

No merit is seen in this contention made on behalf of the defendant. An additional reason, however, for granting the present motion, rests upon the claim that the warrant did not contain a direction that it be executed forthwith, in accordance with the provisions of section 19 of the act. The decisions in the courts of the United States, construing a similar provision contained in the Espionage act, are to the effect that such a direction must be contained in the warrant. The purpose of such strict conformity with the requirements of the law is perfectly obvious. By the fourth amendment to the constitution of the United States, the right of personal security against unreasonable searches and seizures is secured to all citizens. In *Gouled* v. *United States,* 255 *U. S.* 298, the court said, speaking of this amendment:

"It has been repeatedly decided that these amendments should receive a liberal construction so as to prevent stealthy encroachments upon or 'general depreciation' of the rights secured by them, by imperceptible practice of the courts, or well-intentioned, but mistakenly over-zealous executive officers."

The warrants are quashed, the evidence obtained through their execution is suppressed, and the property is directed to be returned.